IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**KENNETH EARL MALONE,**

        **Plaintiff,**

v.                                                  Case 2:18-cv-02505-TLP-cgc

**NIKE, and**
**SIMOS,**

        **Defendants.**

---

### REPORT AND RECOMMENDATION ON
### DEFENDANTS' MOTION TO DISMISS

---

      Before the Court is Defendants Nike, Inc. and Simos Insourcing Solutions, LLC's[1] Motion to Dismiss. (Docket Entry ("D.E.") # 27.) The instant motion has been referred to the United States Magistrate Judge for Report and Recommendation.[2] For the reasons set forth herein, it is RECOMMENDED that Defendants' Motion to Dismiss be GRANTED.

**I.    Introduction**

      On July 20, 2018, Plaintiff Kenneth Earl Malone filed a *pro se* Complaint in federal court alleging discrimination in violation of the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008, 42 U.S.C. §§ 12112-12117 (the "ADA"). Therein, Plaintiff

---

[1]  As noted in the Defendants' Motion to Dismiss, the Defendants' names are incorrectly stated in the Complaint and on the docket report as Nike and Simos.

[2]  The instant case has been referred to the United States Magistrate Judge by Administrative Order 13-05 pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

alleges that the Defendants failed to accommodate his disabilities – schizophrenia and arthritis. According to Plaintiff, after nine months he was terminated for problems with his health. Plaintiff states that his health problems caused an inability to do his job. Plaintiff sought an accommodation. Specifically, Plaintiff sought different hours and light duty assignments. Plaintiff also states that he provided Nike with a doctor's note asking for accommodations and that rather than being accommodated, he was terminated. Plaintiff contends that Defendant Simos Insourcing Solutions, LLC knew about his disability when he was hired.

Plaintiff indicated that he was issued a Right to Sue Letter by the Equal Employment Opportunity Commission, which he received on April 20, 2018. For relief, Plaintiff seeks fifteen thousand dollars in backpay and an unspecified amount of compensatory damages. Attached to Plaintiff's Complaint is his original Charge of Discrimination, in which he states the Defendants discriminated against him on the basis of his disability. (D.E. # 1.) According to the Charge of Discrimination, Plaintiff was employed with Defendant Simos Insourcing Solutions, LLC beginning October 20, 2017. (*Id.*) In addition, Plaintiff included his Notice of Right to Sue Letter which was dated April 20, 2018. (*Id.*)

On March 5, 2020, Defendants filed the instant Motion to Dismiss. Defendants make two arguments: (1) Plaintiff has failed to state a claim and therefore his claim should be dismissed or, in the alternative (2) Plaintiff be required to provide a more definite statement of the allegations and claims by filing an Amended Complaint pursuant to Rule 12(e) for the Federal Rules of Civil Procedure. On April 17, 2020, this Court entered a Show Cause Order, requiring Plaintiff to provide a Response to the Defendants' Motion to Dismiss by May 1, 2020. Plaintiff failed to do so.

## II.     Proposed Analysis

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Boyee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for the relief must contain "a short and plain statement of the claim showing that a pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (citing *Twombly*, 550 U.S. at 555.)

Nonetheless, a complaint must contain sufficient facts to "state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discover." *Id.* at 678-79.

Pleadings and documents filed by *pro se* litigants are to be "liberally construed," and a "*pro se* complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in *pro se* cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A *pro se* complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to *pro se* litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a *pro se* litigant's claim for him. *Payne v. Sec'y of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003).

Upon review, it is RECOMMENDED that Plaintiff's Complaint does not state any causes of action against the Defendants for which he is entitled to relief.

The Defendants first argue that Plaintiff's Complaint is untimely, and therefore, it should be dismissed. Once the EEOC issues a Right to Sue Letter, a plaintiff has ninety days to file suit. 42 U.S.C. § 2000e-5(f)(1). A court may properly dismiss an employment discrimination claim when the plaintiff has failed to file suit within in the ninety-day window. *See Page v. Metro Sewer Dist. of Louisville & Jefferson Cty.*, 84 F. App'x 583, 584-85 (6th Cir. 2003) (explaining that "although the time limit to file a Title VII action is not jurisdictional" it is a condition precedent to filing the claim in federal court); *McGhee v. Disney Store*, 53 F. App'x 751, 751 (6th Cir. 2002) (holding that the district court properly dismissed the plaintiff's ADA claim where plaintiff failed

4

to file suit within ninety days of receiving his Right to Sue letter from the EEOC); *Reynolds v. Solectron Global Servs.*, 358 F. Supp. 2d 688, 693 (W.D. Tenn. 2005) (dismissing employment discrimination claim as untimely because of plaintiff's failure to timely file complaint). Plaintiff states in his Complaint that he received his Right to Sue Letter on April 20, 2018. Plaintiff then had until July 19, 2018 to file his Complaint in federal court. Plaintiff filed this Complaint on July 20, 2018 – one day outside of the ninety-day window. Additionally, Plaintiff has failed to respond to the Defendants' Motion to Dismiss and therefore has provided this Court with no reason why the doctrines of waiver, estoppel, or equitable tolling should excuse his failure to timely file his Complaint. Accordingly, it is RECOMMENDED that Plaintiff's Complaint be dismissed for failure to state a claim.

Defendants also argue that, even had the Complaint been timely filed, Plaintiff fails to state a claim for failure to accommodate. The essential elements of Plaintiff's failure to accommodate claim are that: (1) he is disabled, (2) he is otherwise qualified for the position such that he can perform the essential functions of the job with or without a reasonable accommodation, (3) the employer knew of or had reason to know of his disability, (4) an accommodation was needed, and (5) the employer did not provide the necessary accommodation.[3] *Johnson v. Cleveland City Sch. Dist.*, 443 F. App'x 974, 982 (6th Cir. 2011). Plaintiff alleges that he is disabled as a result of his schizophrenia and arthritis. Plaintiff, however, does not allege any facts that allow this Court to infer that he was otherwise qualified for the position such that he can perform the essential functions of his job with or without a reasonable accommodation. In fact, Plaintiff states his

---

[3] Plaintiff only lists failure to accommodate his disabilities as the basis of his Complaint. Plaintiff does not allege that he was discriminated against on the basis of those disabilities in the terms or conditions of his employment. Disability discrimination and failure to accommodate require a different showing of facts. *Compare Johnson*, 443 F. App'x at 982 (providing the elements of a failure to accommodate claim) *with Tennial v. United Parcel Service, Inc.*, 840 F.3d 292, 306 (6th Cir. 2016) (providing the elements of a disability discrimination claim).

disabilities caused him an inability to do the job.  Additionally, Plaintiff does not provide factual allegations regarding his position, the essential functions of his job, or the accommodations requested.  Furthermore, Plaintiff's Complaint and Attachments do not make it clear that either Defendant knew of or had reason to know of his disabilities.  Although Plaintiff contends that Simos Insourcing Solutions, LLC had knowledge of his disabilities, he provides no factual basis for this conclusion, and mere conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555.).  Plaintiff's vague assertions in his intake interview, which is attached to his Complaint, also do not allow this Court to infer knowledge on the part of the Defendants.  For example, Plaintiff stated he "told a girl in processing" that he didn't feel well, and she knew he did not feel well.  Additionally, Plaintiff stated that he never showed anyone his Veteran Affairs paperwork regarding his schizophrenia but that he knew he "told people."  Plaintiff also mentions someone named Lewinski, although it is unclear the role of this individual, and stated that he attempted to receive workers compensation paperwork.  As such, this Court cannot infer the essential elements of Plaintiff's ADA claim.  Accordingly, it is RECOMMENDED that Plaintiff's claim of failure to accommodate be dismissed for failure to state a claim.

### III.     Conclusion

For the reasons set forth herein, it is RECOMMENDED that Defendants' Motion to Dismiss be GRANTED.

SIGNED this 8th day of June 2020.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT.  28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**