IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KENNETH EARL MALONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:18-cv-02505-TLP-cgc |
| v. ) | |
| ) | JURY DEMAND |
| NIKE and SIMOS, ) | |
| ) | |
| Defendants. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Plaintiff Kenneth Earl Malone sued pro se alleging that Defendants violated his rights under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112-12117. (ECF No. 1.) Defendants then moved to dismiss Plaintiff's complaint for failure to state a claim or, in the alternative, to require "Plaintiff to plead a more definite statement of facts." (ECF No. 20-1 at PageID 65.)

The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Court grant Defendant's motion to dismiss. (*See* ECF No. 22.) For the reasons below, the Court **ADOPTS** the R&R and **DISMISSES** Plaintiff's claim against Defendants.

## THE R&R

**I.   Statute of Limitations**

The Magistrate Judge explained that Plaintiff had 90 days to sue Defendants under the ADA starting from the day when he received his so-called Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC"). (*Id.* at PageID 70–71) (citing 42 U.S.C § 2000e-5(f)(1); *Page v. Metro Sewer Dist.*, 84 F. App'x 583, 584–85 (6th Cir. 2003); *McGhee v.*

*Disney Store*, 53 F. App'x 751, 751 (6th Cir. 2002); *Reynolds v. Solectron Global Servs.*, 358 F. Supp. 2d 688, 693 (W.D. Tenn. 2005)).

The Magistrate Judge found that Plaintiff "received his Right to Sue Letter on April 20, 2018" and "had until July 19, 2018 to file his Complaint in federal court." (*Id.* at PageID 71.) But "Plaintiff filed this Complaint on July 20, 2018—one day outside of the ninety-day window." (*Id.*) What is more, "Plaintiff failed to respond to Defendant's Motion to Dismiss and therefore has provided . . . no reason why . . . waiver, estoppel, or equitable tolling should excuse his failure to timely file his Complaint." (*Id.*) Thus, the Magistrate Judge recommended that the Court dismiss Plaintiff's complaint because it was untimely filed.[1] (*Id.*)

## II.     Federal Rule of Civil Procedure Rule 12(b)(6)

The Magistrate Judge also found that, even if Plaintiff had timely filed his complaint, Plaintiff fails to state a claim under Federal Rule of Civil Procedure 12(b)(6). (*Id.* at PageID 71–72.)

The Magistrate Judge reasoned that "Plaintiff alleges that he is disabled as a result of his schizophrenia and arthritis." (*Id.* at PageID 71–72.) However, Plaintiff "does not allege any facts that allow this Court to infer that he was otherwise qualified for the position such that he can perform the essential functions of his job with or without a reasonable accommodation."

The Magistrate Judge also found that "Plaintiff does not provide factual allegations regarding his position, the essential functions of his job, or the accommodations requested." (*Id.* at PageID 72.)

---

[1] To this effect, the Court takes particular note of *Peete v. Am. Standard Graphic*, in which the Sixth Circuit affirmed the dismissal of a case where the plaintiff filed his complaint one day after 90-day window afforded by 42 U.S.C § 2000e-5(f)(1). 885 F.2d 331, 331 (6th Cir. 1989) (affirming dismissal when "ninety-one days elapsed between [the plaintiff's] receipt of his right-to-sue letter and the filing of his complaint, or one more day than the ninety-day limit under 42 U.S.C. § 2000e–5(f)(1).").

2

Finally, the Magistrate Judge stated that Plaintiff provided no factual basis that Defendants had knowledge of his disabilities. (*Id.*) Plaintiff only provided "mere conclusions [that] are not entitled to the assumption of the truth[ ]" and vague assertions that "he 'told a girl in processing'" and "'[other] people'" he did not feel well and had schizophrenia. (*Id.*) Thus, the Magistrate Judge recommended that the Court dismiss Plaintiff's complaint for failure to state a claim. (*Id.*)

## DISCUSSION

"A party may serve and file objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes.

Neither party objected to the R&R, and the time for filing objections has expired. *See* Fed. R. Civ. P. 5(b)(2), 6(d), 72(b)(2). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes.

Having reviewed the R&R, the Court finds no clear error and **ADOPTS** the R&R and **DISMISSES** Plaintiff's claim against Defendants.

**SO ORDERED**, this 20th day of July, 2020.

                                              s/Thomas L. Parker
                                              THOMAS L. PARKER
                                              UNITED STATES DISTRICT JUDGE